

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00503-CR

Jimmy Ray **MATHEWS** a/k/a Jimmy Ray Matthews,
Appellant

v.

The **STATE** of Texas,
Appellee

From the Criminal District Court 1, Tarrant County, Texas
Trial Court No. 1249644d
The Honorable Sharen Wilson, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 14, 2013

MOTION TO WITHDRAW GRANT; AFFIRMED

Appellant Jimmy Ray Mathews pled guilty to the offense of aggravated robbery with a

deadly weapon. Mathews elected a jury for sentencing. Based on the jury's verdict, the trial court

sentenced Mathews to forty years confinement in the Texas Department of Criminal Justice–

Institutional Division and assessed a $10,000.00 fine. Mathews then perfected this appeal.

Mathews's court-appointed appellate attorney filed a motion to withdraw and a brief in

which he raises no arguable points of error and concludes this appeal is without merit. The brief

meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d

807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel provided proof Mathews was given a copy of the brief and motion to withdraw and was informed of his right to review the record and file his own brief. Mathews filed a brief on his own behalf in which he alleges: (1) the trial court erred in denying his motion for continuance to allow him to undergo a competency examination; (2) trial counsel was ineffective in failing to file a request for a competency hearing; (3) the trial court erred in admitting testimony regarding his alleged gang activity as such evidence was inadmissible extraneous offense evidence; and (4) trial counsel was ineffective in failing to file a motion to preclude the State from introducing his prior conviction for aggravated robbery.

When an *Anders* brief and a subsequent pro se brief are filed, we must review the entire record and determine (1) the appeal is without merit and issue an opinion explaining there is no reversible error, or (2) there are arguable grounds for appeal and issue an opinion remanding the cause to the trial court for appointment of new appellate counsel. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (holding court of appeals may address merits of issues raised by pro se only after any arguable grounds have been briefed by new appointed counsel)).

We have carefully reviewed the record, counsel's brief, and Mathews's brief and find no reversible error and agree with counsel the appeal is without merit. *See id.* We therefore grant the motion to withdraw filed by Mathews's appointed counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Mathews wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for

discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Marialyn Barnard, Justice

Do Not Publish